

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBIN A. PITTS,

                      **Plaintiff,**

v.                                             CIVIL NO. 3:13CV366

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:     Corporation Service Company, Registered Agent
                 Bank of America Center, 16th Floor
                 1111 East Main Street
                 Richmond, VA 23219

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:     David N. Anthony, Registered Agent
                 Troutman Sanders, LLP
                 1001 Haxall Point
                 Richmond, VA 23219

TRANS UNION, LLC.

SERVE:     Corporation Service Company, Registered Agent
                 Bank of America Center, 16th Floor
                 1111 East Main Street
                 Richmond, VA 23219

                      **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, **ROBIN A. PITTS,** by counsel, and for her complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act of "FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

4. The Plaintiff, **ROBIN A. PIITS**, ("Ms. Pitts") is a natural person and a consumer as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

7. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

10. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation

authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

12. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

13. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

14. In 2010, the Plaintiff learned that two former corporate accounts with Bank of America, for which she was not personally liable, were reporting on her personal credit reports. The Plaintiff made multiple disputes directly to Bank of America.

15. Plaintiff filed a Complaint for Declaratory Judgment against Bank of America in Prince William Circuit Court. Sometime thereafter the parties reached a settlement that included an agreement by Bank of America to remove the derogatory accounts from Ms. Pitts credit files.

16. In early 2011 Ms. Pitts learned that *Equifax, Experian* and *Trans Union* were reporting the two Bank of America accounts, for which she was not personally liable, derogatorily on her credit reports.

17. The *Bank of America* Reportings were inaccurate. Plaintiff was not personally responsible for these corporate accounts.

18. On or about June 6, 2011, Ms. Pitts forwarded a written dispute letter to *Equifax, Experian* and *Trans Union* and explained that these accounts were corporate accounts for companies that she previously worked for. Ms. Pitts further advised that she never agreed to be

personal guarantor on the accounts or be personally responsible for obligations of her employers.

19. On or about June 15, 2011, *Trans Union* forwarded a form letter to advise Ms. Pitts that the creditors had already verified the disputed accounts as accurate and therefore it considered her dispute as frivolous. *Trans Union* further advised that it would not reinvestigate the accounts unless she could provide court papers or recent, authentic letter from the creditors that explains what information should be updated.

20. On or about June 29, 2011 *Equifax* forwarded the results of its Investigation to Ms. Pitts. *Equifax* advised Ms. Pitts that Bank of America had verified both accounts belonged to her. Both accounts were reporting as paid for less than full balance.

21. On or about June 30, 2011 *Trans Union* forwarded its Investigation results to Ms. Pitts. *Trans Union* advised that new information had been provided to it by the creditor. The Bank of America accounts were reporting with a zero balance, and status of settled for less than full balance.

22. *Experian* did not respond to Ms. Pitt's June 6, 2011 dispute letter.

23. On or about July 22, 2011 Ms. Pitts forwarded a second dispute letter to *Equifax* and *Trans Union*. In her letter Ms. Pitts acknowledge receipt of the Investigation Results, however, she requested what additional information it had receive from "the original source" so that she could respond appropriately. Ms. Pitts again disputed the Bank of America accounts.

24. On or about August 15, 2011 *Equifax* forwarded the results of its Reinvestigation to Ms. Pitts. *Equifax* again advised Ms. Pitts that Bank of America had verified that both accounts belonged to her. Both accounts were reporting as paid and closed, with a status of account paid for less than full balance.

25. On or about July 28, 2011, *Trans Union* forwarded a form letter to advise Ms. Pitts

that the creditors had previously verified the disputed accounts as accurate and therefore it considered her dispute as frivolous. *Trans Union* further advised that it would not reinvestigate the accounts unless she could provide court papers or recent, authentic letter from the creditors that explains what information should be updated.

26. On or about March 5, 2012 Ms. Pitts learned that *Equifax* was reporting the two Bank of America accounts as derogatory charged office accounts.

27. On or about March 5, 2012 Ms. Pitts made an on-line dispute with *Equifax* and advised that these Bank of America accounts did not belong to her.

28. On or about March 21, 2012 *Equifax* two separate Results of Investigation Reports that advised Ms. Pitts that the disputed Bank of America accounts had not been deleted.

29. Defendants had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate account.

30. Upon information and belief, *Equifax, Experian and Trans Union* prepared and published to third parties multiple inaccurate consumer reports about Ms. Pitts that contained the inaccurate derogatory *Wells Fargo* account.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EQUIFAX, EXPERIAN and TRANS UNION)

31. Ms. Pitts realleges and incorporates all other factual allegations set forth in the Complaint.

32. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Pitts' credit reports and credit files it published and maintained.

33. As a result *Equifax, Experian* and *Trans Union's* violations of 16 U.S.C. §1681e(b),

Ms. Pitts suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34. The violations by *Equifax, Experian* and *Trans Union* were willful rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent, which entitles Ms. Pitts to recovery under 15 U.S.C. §1681o.

35. Ms. Pitts is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

36. Ms. Pitts realleges and incorporates all other factual allegations set forth in the Complaint.

37. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Ms. Pitts' credit file.

38. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(1), Ms. Pitts suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

39. The violations by *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were

negligent which entitles Ms. Pitts to recovery under 15 U.S.C. §1681o.

40. Ms. Pitts is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

41. Ms. Pitts realleges and incorporates all other factual allegations set forth in the Complaint.

42. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide *Bank of America* with all the relevant information regarding Ms. Pitts' disputes.

43. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(2), Ms. Pitts suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

44. The violations by *Equifax, Experian* and *Trans Union's* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent which entitles Ms. Pitts to recovery under 15 U.S.C. §1681o.

45. Ms. Pitts is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4)
### (EQUIFAX, EXPERIAN and TRANS UNION)

46. Ms. Pitts realleges and incorporates all other factual allegations set forth in the Complaint.

47. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Ms. Pitts.

48. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(4), Ms. Pitts suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

49. The violations by *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling Ms. Pitts to recovery under 15 U.S.C. §1681o.

50. Ms. Pitts is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

51. Ms. Pitts realleges and incorporates all other factual allegations set forth in the Complaint.

52. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Ms. Pitts' credit file or modify the item of information upon a lawful reinvestigation.

53. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i)a)(5)(A), Ms. Pitts suffered actual damages, including but not limited to: loss of credit,

damage to reputation, embarrassment, humiliation and other mental and emotional distress.

54. The violations of *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling Ms. Pitts to recover under 15 U.S.C. §1681o.

55. Ms. Pitts is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.
s dispute.

## COUNT SIX: DEFAMATION
## (EQUIFAX)

56. Ms. Pitts repeats and re-alleges every allegation above as if set forth herein in full.

57. In addition to its violations of the Fair Credit Reporting Act, *Equifax* made multiple false and defamatory statements during the year preceding this Complaint. *Equifax* published the false statements that Plaintiff was delinquent on two Bank of America accounts for which she was not personally liable to all of Plaintiff's potential lenders on multiple occasions.

58. These false and defamatory statements were made with legal malice and a wilful intent to injure Ms. Pitts by not deleting the disputed derogatory Bank of America account information reporting on her credit reports. *Equifax* had reason to know, both by virtue of information communicated to it by Ms. Pitts, that Ms. Pitts was not responsible for these debts as they were corporate accounts of her former employers. Further, *Equifax* wilfully adopted procedures that wholly ignored the demands of Ms. Pitts, and other consumers generally, that inaccurate information should be removed from their credit files.

59. As a result of *Equifax*'s conduct, actions and inaction, Ms. Pitts suffered various

...
types of damage as set forth herein, including specifically, loss of credit, the loss of the ability to purchase and benefit from a line of credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

60. These defamations were malicious, wilful, deliberate, intentional and/or with reckless disregard for the interests and rights of Ms. Pitts, so as to justify an award of punitive damages against *Equifax* in an amount to be determined by the Court.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

ROBIN A. PITTS,

By _____
Of Counsel

THOMAS R. BREEDEN
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, VA 20109
(703) 361-9277 – Telephone
(703) 257-2259 – Facsimile
E-mail: trb@tbreedenlaw.com

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*